LANSING LUMBER CO. *v.* INGHAM CIRCUIT JUDGE.

| 108 | 305 |
| 118 | 195 |

MANDAMUS—DISCRETION OF CIRCUIT JUDGE—EQUITY PRACTICE.
  While the Supreme Court will hesitate to act in matters involving the discretion of a circuit judge, a *mandamus* was issued to compel the vacation of an order closing proofs in a chancery case, where it appeared that the issues were important, and ought not to be disposed of without proofs being taken on both sides, and that the failure to take proofs on the part of the relator was due to the illness of one of its solicitors.

*Mandamus* by the Lansing Lumber Company to compel Rollin H. Person, circuit judge of Ingham county, to

vacate an order closing proofs in a chancery case. Submitted January 28, 1896. Granted February 7, 1896.

*M. V. & R. A. Montgomery*, for relator.

*George P. Wanty* and *Jay P. Lee*, for respondent.

Moore, J. In 1894 the Michigan Trust Company, complainant, filed a bill against the Lansing Lumber Company and Orlando M. Barnes, defendants, in the circuit court for the county of Ingham, in chancery. Such proceedings were had in that case in the circuit court and in the Supreme Court as resulted in an order being entered on the 18th of March, 1895, providing for the taking of proofs within 60 days. At the end of the 60 days another order was entered, extending the time for taking proofs 60 days. On the 10th day of June the complainant began taking its evidence, and continued from time to time up to and including July 9th, when it closed its proofs, and the further taking of proofs was continued until July 31st, on which day another continuance was had until August 6th. On August 6th the relator applied to the circuit court commissioner for an order extending the time in which to take testimony, which order was granted. Six days later the Michigan Trust Company, thinking the circuit court commissioner had not the authority to enter such an order, entered an order closing proofs. The relator then applied to the circuit court for a vacation of the order closing proofs, which application was denied. Thereafter another petition was filed in the circuit court, asking for a rehearing of the former one, and again asking that the order closing proofs be set aside, and the relator be allowed to take its testimony. This petition was denied, and the relator now asks for a writ of *mandamus* compelling the circuit judge to vacate the order closing the proofs.

It is with great hesitation that this court acts in a matter involving the discretion of a circuit judge, and it

would not depart from the rule, were it not apparent *now* that the failure to take testimony on the part of the relator was due to the illness of one of its solicitors, Mr. M. V. Montgomery, and because of the importance of the issues involved in the case, which ought not to be disposed of without the proofs on both sides being taken. It is made a condition of this order that the proofs on the part of the relator be put in within 20 days from this date, with the leave to put in rebutting proofs on the part of the Michigan Trust Company, complainant, within 10 days thereafter, and upon the further condition that the case of *The Michigan Trust Company* v. *The Lansing Lumber Company and Orlando M. Barnes*, in chancery, be put on the calendar for hearing at the first term of the circuit court for the county of Ingham, without further notice, and to have precedence over all other cases on the chancery calendar, without costs in this court.

LONG, C. J., GRANT and HOOKER, JJ., concurred. MONTGOMERY, J., did not sit.